**Electronically Filed
Intermediate Court of Appeals
30320
30-SEP-2011
08:35 AM**

NO. 30320

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARK LYNN SPENCER, Plaintiff-Appellant, v.
ANECITA SABOLONES SPENCER, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 04-1-3689)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant Mark Lynn Spencer (**Father**) appeals from the Family Court of the First Circuit's (**Family Court**) December 30, 2009 Order Granting [Defendant-Appellee Anecita Sabolones Spencer's (**Mother's**)] Motion for Post-Decree Relief, which was filed on June 3, 2009 (and amended on August 24, 2009) (**Post-Decree Motion**).[1] On appeal, Father contends that: (1) the Family Court erred in ruling that the dependent tax exemption provision in the parties' Divorce Decree should be amended to allow the parties to share the exemption on an alternating basis; and (2) the Family Court erred in entering judgment in the amount of $23,820.32 against Father, in favor of Mother.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Linda K.C. Luke presided.

the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows:

(1) The record reflects that, prior to the entry of the Divorce Decree, the parties reached an agreement as to all terms of their divorce, which agreement was reflected in the Divorce Decree (drafted by Mother's attorney), and which was personally "approved as to form and content" by Mother. The agreed-upon terms include:

> 3.8 TAX EXEMPTION For so long as [Father] is current and up to date on his child support, as reflected herein this decree, [Father] will be allowed to claim the subject child as his tax exemption. [Mother] agrees to sign the IRS tax exemption form (Release of Claim to Exemption for Child of Divorced or Separated Parents) for each year [Father] is current on his child support obligations.

(Format altered.)

In the Post-Decree Motion, Mother requested, without citation to any factual or legal grounds, that this provision be amended. At the hearing on the Post-Decree Motion, the only argument made by Mother on this point was: "Miss Spencer is the . . . full custodian of the child and, therefore, she is entitled to that dependency exemption." However, Mother was awarded full custody of the child at the time of the parties' divorce and nevertheless agreed, as part of the settled terms of the divorce, to allow Father the tax exemption. A party seeking modification of the terms of a divorce decree has the burden to bring forward factual and/or legal grounds for an amendment. See, e.g., Dowsett v. Cashman, 2 Haw. App. 77, 625 P.2d 1064 (1981). Mother presented no cogent reason for the requested relief, either in the court below or on this appeal. Accordingly, we need not address the parties' disagreement concerning whether, in this case, the dependent tax exemption should be treated as a property distribution matter or a child support matter.[2] We conclude

---

[2] We note that the dependent tax exemption for a child usually is awarded to the custodial parent, unless it is waived, as it was in this case. See, e.g., 2005 Hawai'i Divorce Manual § 4, 19 (7th ed 2005). We further note

that the Family Court erred in ruling that the dependent tax exemption provision in the parties' Divorce Decree should be amended to allow the parties to share the exemption on an alternating basis.

(2) Father argues that because the former marital residence was sold by short sale, which he argues is the same as a foreclosure "from a practical standpoint," the proceeds from the sale are to be apportioned 40% to Father and 60% to Mother pursuant to Paragraph 4.1D of the Divorce Decree.[3/] We disagree. Any provision contingent upon foreclosure is inapplicable because no foreclosure occurred. We cannot conclude that the Family Court erred in interpreting the Divorce Decree to require Father to pay to Mother the balance due under the terms of the Divorce Decree, including:

> 8.2 SETTLEMENT The parties agree that Plaintiff shall pay to Defendant the sum of $90,000.00 which shall be paid in two (2) payments. The first payment of $65,000.00 to [Mother] and $5,000.00 payable to [Mother's attorney] shall be paid within 90 days upon the signing and filing of this decree. The second payment of $20,000.00 shall be made no later than three (3) years from the date of the signing and filing of this decree.

(Format altered.)

Additional language in the Divorce Decree appears to address, *inter alia,* security for the second payment, the sale of the subject property upon any default in payment, and the application of the proceeds of such sale. However, no provision

---

that, prior to the 1998 amendments to the Child Support Guidelines, the dependency tax exemption was factored into the calculation of child support, but with the 1998 amendments, the dependency tax exemption was removed from the child support calculations. Compare 1996 Hawaiʻi Divorce Manual, § 3 (rev. 5th ed. Supp. 1998) with 1991 Hawaiʻi Divorce Manual, § 4 (rev. 4th ed. Supp. 1994). Finally, we note that the unpublished summary disposition order cited by Mother is not "controlling case law," as argued by Mother, and was cited in violation of Hawaiʻi Rules of Appellate Procedure Rule 35.

[3/]    Paragraph 4.1D states: "In the event of foreclosure of the residence, after payment of the court ordered expenses, i.e. broker's commission and fees, taxes, assessments and other related expenses associated with the sale of the marital home, the existing mortgage(s), the balance of any funds shall be apportioned 40% to [Father] and 60% to [Mother]."

of the Divorce Decree can be reasonably construed to relieve Father of his obligation to pay the amounts due pursuant to Section 8.2. We conclude that the Family Court did not err in entering judgment in the amount of $23,820.32 against Father, and in favor of Mother, for failure to satisfy the remaining amounts due under the Divorce Decree.

For these reasons, paragraph #2 of the Family Court's December 30, 2009 Order Granting Motion for Post-Decree Relief (concerning tax exemptions) is reversed. In all other respects, the Family Court's December 30, 2009 Order Granting Motion for Post-Decree Relief is affirmed.

DATED: Honolulu, Hawai‘i, September 30, 2011.

On the briefs:

Scott T. Strack
(The Strack Law Office, LLLC.)
for Plaintiff-Appellant

Alex M. Sonson
(Law Offices of Alex M. Sonson)
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge